**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:02CV-215-M**

**CCA GLOBAL PARTNERS, INC.,**
f/k/a Carpet Coop of America Association;
**FA COOPERATIVE, INC.; and F.A. MANAGEMENT**
**ENTERPRISES, INC.**                                                                    **PLAINTIFFS**

v.

**CARPETMAX FLOORING CENTER and**
**PAUL FULLER**                                                                                   **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon cross-motions for summary judgment filed by the Plaintiffs CCA Global Partners, Inc., FA Cooperative Inc., and F.A. Management Inc. (collectively "Plaintiffs") [DN 102] and Defendant Paul Fuller ("Fuller") [DN 104]. Having been fully briefed by both parties, the matter now stands ripe for decision.

**I. BACKGROUND**

The Plaintiffs filed this Third Amended Complaint against the Defendants, KP Investments, Inc. ("KP Investments), Carpetmax Flooring Center ("CFC") and Paul Fuller ("Fuller"), alleging that the Defendants used Plaintiffs' registered trademarks without authorization in conjunction with KP Investments' carpet store located in Jasper, Indiana. Prior to opening the carpet store in Jasper, Fuller became acquainted with a CarpetMax franchisee, Ken Crandall ("Crandall") of Owensboro, Kentucky. Crandall told Fuller that he had a CarpetMax franchise license covering the Jasper area and asked Fuller to join him

in opening a CarpetMax store there. They formed a corporation called KP Investments, and from the beginning of the store's operation in November of 2000 to November of 2001, the store did business under the name of CarpetMax Flooring Center ("CFC").

Fuller ran the day-to-day operations in the CFC store in Jasper, including directing the advertising using the CarpetMax mark. Crandall ordered the CarpetMax sign for CFC in Jasper and Fuller faxed all CFC carpet orders to Crandall's Owensboro store for installation. As it turned out, Crandall did not own a CarpetMax license for the Jasper area and the use of the CarpetMax name during this period was unauthorized. In November of 2001, Fuller replaced the CarpetMax sign with a "Carpets of Jasper" sign, thus ending the infringement on the CarpetMax trademark. In December of 2001, Fuller bought Crandall out of KP Investments becoming the president, secretary and treasurer of the corporation retroactive to its creation date of December 20, 2000.

The Plaintiffs settled their disputes with Crandall by a Consent Judgment on June 30, 2004. Plaintiffs settled their claim against KP Investments on January 3, 2005 by a Consent Judgment. The question here concerns whether Fuller can be held personally liable for the infringement of the CarpetMax trademark.[1] The Plaintiffs seek partial summary judgment

---

[1] The Plaintiffs also seek an entry of judgment against Carpetmax Flooring Center (CFC) in accordance with the consent judgment entered against KP Investments. However, CFC is not a separate entity–it was merely the assumed name of KP Investments and a separate judgment against CFC is unnecessary.

on their trademark and negligence claims against Fuller.[2]

Fuller seeks summary judgment in his favor arguing that he cannot be held personally liable on the infringement and negligence claims without piercing the corporate veil. He also seeks summary judgment on Plaintiffs' remaining claims of unfair competition, unjust enrichment and civil conspiracy.

## II.  STANDARD OF REVIEW

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present

---

[2]Plaintiffs state they will voluntarily dismiss their remaining claims against Fuller if successful in obtaining judgment of their infringement and negligence claims.

"specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

### III. DISCUSSION

A. Fuller's Personal Liability for Trademark Infringement

Fuller disagrees with the cases cited by the Plaintiff which hold that a corporate officer can be personally liable for torts personally committed and cannot hide behind the corporate shield when he is an actual participant in the tort. Fuller cites to Dangler v. Imperial Mach. Co., 11 F. 2d 945, 947 (7th Cir. 1926), which holds that a "special showing" of knowing or willing infringement must be made to make an officer of a corporation personally liable, and if no showing is made, then piercing the corporate veil is required. Different courts use different language but the general rule is that an officer of a corporation may be personally liable for the corporation's infringement without piercing the corporate veil. An officer must do more than merely control corporate affairs. The officer must personally take part in the infringing activity or direct others to do so in order to be liable. In such a case, the officer is liable as an actor, not merely as an agent or owner of the corporation. See J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 25:24 (4th ed. 2005)  Even Dangler holds that when a corporate officer personally participates in the infringing acts, other than as an officer, he is subject to personal liability.

The Lanham Act imposes liability for infringement on any person who uses an infringing mark in interstate commerce in connection with the sale of goods. Lack of knowledge is no defense under the Lanham Act. There is no dispute that KP Investments, doing business as CFC, infringed on Plaintiffs' Carpetmax registered trademark. Fuller managed the day-to-day operations of the CFC in Jasper during the time of infringement. His actions were not simply actions of a corporate officer. He personally engaged in activity which infringed Plaintiffs' mark. He was knowingly engaged in the sale and advertising of goods under the CarpetMax mark. Whether he knew the use of the mark was unauthorized is of no import. No genuine issues of fact exist and Plaintiffs' are entitled to judgment against Fuller as a matter of law for his tortious conduct. Therefore, Plaintiffs' summary judgment motion on Count I of Plaintiffs' Third Amended Complaint for trademark infringement is **granted** and Defendant's summary judgment motion on Count I is **denied**.

B. Fuller's Personal Liability for Plaintiffs' Negligence Claim

As stated above, corporate agents are personally liable for torts they commit for the benefit of the corporation. Infringement or unfair competition is a commercial tort. Plaintiffs' negligence claim is based on Fuller's failure to check whether Crandall had the right to use the mark in their carpet business. Plaintiffs argue this failure led to the infringement which harmed their business.

However, in their memoranda in support of summary judgment on the negligence claim, the Plaintiffs fail to cite any case law or statute which differentiates an infringement claim from a negligence claim in this context. The Court was unable to find any authority

5

recognizing a separate negligence claim in this context either. Assuming the law imposes a duty on one to research whether their actions infringe on a registered trademark, the failure to comply with that duty would give rise to an infringement claim. Unless and until the Court can be convinced that a negligence claim in this context is different from the infringement claim, it will decline to grant Plaintiffs' summary judgment motion on Count III of Plaintiffs' Third Amended Complaint.[3]

C. Remaining Claims and Issues

Plaintiffs did not seek summary judgment on Counts II, IV and V of the Third Amendment Complaint indicating their intention to dismiss them voluntarily provided the Court ruled in its favor on Counts I and III of the Third Amended Complaint. Fuller's motion seeks summary judgment on each of these claims. The Court deems it unnecessary to analyze these claims at this time given its ruling on Count I in favor of the Plaintiffs. Thus, Fuller's motion is denied. If the Plaintiffs do not move to voluntarily dismiss these claims, then the Court will allow Fuller leave to renew his motion for summary judgment.

Furthermore, there remains the issue of damages. Plaintiffs seek to hold Fuller liable for the same amount of damages to which KP Investments consented. Fuller argues that he is not bound by the determination of damages set forth in the Consent Judgment. This issue has not been adequately briefed and the Court declines to issue a judgment on damages at

---

[3] The Court notes that the Consent Judgment recognized that the damages for Count III are duplicative of Count I. The Court also recognizes that it granted judgment on Count III in the Judgment which was entered by consent of the parties. However, since this matter is contested, the Court will decline to enter judgment on Count III until convinced it should do so.

this point.

Plaintiffs should indicate whether they intend to prosecute their other claims against Fuller within 30 days of the date of entry herein. If Plaintiffs have authority regarding their negligence claim, they are invited to submit it with a new motion for summary judgment within 30 days of the date of entry herein. Furthermore, Plaintiffs are granted leave to file a motion in support of their position that they are entitled as a matter of law to the amount of damages set forth in the Consent Judgment against KP Investments within 30 days of the date of entry herein.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion for summary judgment filed by Plaintiffs [DN 102] is **granted in part and denied in part**, and the motion for summary judgment filed by Fuller [DN 104] is **denied.**

U:\documents\CarpetMaxSJM1