**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:02CV-215-M**

**CCA GLOBAL PARTNERS, INC.,**
f/k/a Carpet Coop of America Association;
**FA COOPERATIVE, INC.; and F.A. MANAGEMENT
ENTERPRISES, INC.**                                                                    PLAINTIFFS

v.

**CARPETMAX FLOORING CENTER and
PAUL FULLER**                                                                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion for summary judgment on damages filed by the Plaintiffs CCA Global Partners, Inc., FA Cooperative Inc., and F.A. Management Inc. (collectively "Plaintiffs") [DN 102, 114]. Having been fully briefed by both parties, the matter now stands ripe for decision. For the reasons discussed below, Plaintiffs' motion is **GRANTED**.

**I. BACKGROUND**

The Plaintiffs and Defendant Paul Fuller ("Fuller") have been involved in litigation over Fuller's use of the Plaintiffs' trademark since the fall of 2004. In October of 2004 Plaintiffs filed a Third Amended Complaint against the Defendants, KP Investments, Inc. ("KP Investments), Carpetmax Flooring Center ("CFC") and Fuller, alleging that the Defendants used Plaintiffs' registered trademarks without authorization in conjunction with KP Investments' carpet store located in Jasper, Indiana. In the Third Amended Complaint,

Plaintiffs sought to hold Fuller jointly and severally liable with KP Investments for the infringement. In December of 2004, the parties entered into a Settlement Agreement whereby the parties, including Fuller, agreed to the entry of a monetary Consent Judgment against KP Investments. The judgment amount was $180,000.00. The settlement further provided that Fuller agreed to the filing of the Third Amended Complaint which seeks to hold him jointly and severally liable with the other Defendants, for the actions alleged to have been taken or omitted by KP Investments. The Settlement Agreement provided that Fuller would demand coverage from American Family Mutual Insurance Company. If the insurance company denied coverage, there was to be a separate settlement agreement entered into between Fuller and the Plaintiffs. However, if the insurance company took up the defense, even under a reservations of rights, "the Lawsuit shall proceed against Fuller and CFC." The insurance company did defend and there was no separate settlement of the case with Fuller and the lawsuit did proceed.

By Memorandum Opinion and Order dated March 6, 2006, this Court found Fuller individually liable for infringement of Plaintiffs' trademark. The Court requested further briefs on the issue of damages. Plaintiffs argue that the amount of damages was agreed upon and that the only matter to be litigated was the liability issue. Fuller disagrees.

## II. LEGAL STANDARD

The summary judgment standard requires that the Court find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986). The facts surrounding the negotiation of the settlement agreement are still largely disputed, and as the Plaintiffs have moved for summary judgment, the Court reviews only the uncontested facts.

### III. DISCUSSION

In this case, Plaintiffs argue that the intent of the parties is clear from the documents. Plaintiffs maintain that Fuller agreed to be bound by the amount of damages provided for in the monetary Consent Judgment if he was ultimately found personally liable for the infringement. The Court agrees.

Fuller individually executed the Settlement Agreement. While the agreement allowed the Plaintiffs to pursue any claims asserted in the Third Amended Complaint against Fuller in the event his insurance company provided a defense, the Plaintiffs released Fuller from all other claims, known or unknown. Fuller acknowledged in the agreement that if liability were found against him on the claims made in the Third Amended Complaint, the judgment would likely be joint and several and in excess of $130,000.00. Thus, "in order to avoid the further cost and inconvenience of litigation," the agreement was reached. Fuller, on behalf of KP Investments, agreed to a monetary judgment against KP Investments for its

infringement of the Plaintiff's marks. Fuller agreed and consented to the filing of the Third Amended complaint which sought judgment against him, as an individual, holding him jointly and severally liable with KP Investments "for the actions previously alleged to have been taken or omitted by KP."

After the execution of the Settlement Agreement, all parties, including Fuller, understood and agreed that the damages to be recovered as a result of the infringement activity of KP Investments was $180,000.00. In this case, Fuller's conduct and KP Investment's conduct are identical. KP Investments did not act without Fuller. Thus, Fuller's liability and KP Investment's liability are equal. If we were to have a trial now on damages, we would be examining the damages resulting from KP Investment's infringing conduct. However, that issue has already been decided by consent. Fuller agreed to this in order to avoid litigation over the matter. By agreeing that the damages resulting from KP Investment's infringement amounted to $180,000.00, Fuller was agreeing that his liability, if found, would be the same amount. Now that it has been decided that Fuller is liable for the infringing activity of KP Investments, the Court will enter an appropriate monetary judgment against him in the amount of $180,000.00.

The Plaintiffs shall tender an appropriate Judgment and in doing so shall indicate whether they intend to prosecute their other claims against Fuller.

## III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion [DN 114] for summary judgment on damages filed by Plaintiffs is **GRANTED.**

CC: Counsel of Record
U:\documents\CarpetMax\DamagesSJopn2.wpd