UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:02CV-215-M

CCA GLOBAL PARTNERS, INC., ET AL.                                        PLAINTIFFS

V.

CARPETMAX FLOORING CENTER, ET AL.                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion by Defendants, Paul Fuller and Carpetmax Flooring Center, for an extension of time to file their notice of appeal. The Defendants seek this extension of time pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A)(ii) which grants a court power to extend the deadline for the filing of a notice of appeal if the moving party shows excusable neglect or good cause. Fully briefed, this matter is ripe for decision. For the reasons set forth below, the motion by Plaintiff for an extension is **DENIED**.

**I. Facts**

A final judgment was issued in this action on September 26, 2006 and entered in the docket on September 27, 2006. Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), a Notice of Appeal was due thirty days later, on Friday, October 27, 2006. Defendants' counsel, however, miscalculated when the Notice of Appeal was due. Due to a misunderstanding between Defendants' trial counsel and Defendants' newly assigned appellate counsel, Crystal Rowe, Ms. Rowe believed that the Notice of Appeal was not due until Nov. 2, 2006, one week after the actual deadline. She ultimately did not realize her mistake until two days after the actual deadline, when she began preparing the Notice of Appeal. Upon her realization, she filed this Motion for an

Extension of Time on November 1, 2006, five days after the Notice of Appeal was due.

## II. Discussion

Whether to grant an enlargement of time to file an appeal is a matter committed to the district court's discretion. Fed. R. App. P. (4)(a)(5)(A)(ii). Under this Rule, Defendants must establish that their failure to timely file a notice of appeal was due to either "excusable neglect" or "good cause." Id. Here, the Defendants claim that their mistake was due to "excusable neglect" and not for "good cause." Both parties factually accept that Ms. Rowe's failure to file the Notice was a matter of mere advertence due to oversight; what they dispute is whether this inadvertence constitutes "excusable neglect" warranting an extension of time to file a notice of appeal.

In Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, et al., the Supreme Court relaxed the rather strict standard that the Courts of Appeal traditionally had applied in "excusable neglect" cases. 507 U.S. 380 (1996); United States v. Thompson, 82 F.3d 700, 702 (6th Cir. 1996). In analyzing Congress' use of the words "excusable neglect" in Bankruptcy Rule 9006(b)(1), the Court noted that the word "neglect" means "to give little attention or respect to" or to "leave undone or unattended to *especially through carelessness*." Pioneer at 388. It further observed that Congress "plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Id. In Thompson, the Sixth Circuit expressly held that the Supreme Court's "excusable neglect" analysis in Pioneer was applicable to civil appeals under Fed. R. App. P. (4)(a). 82 F.3d at 702.

Here, it seems clear that Attorney Rowe's error as to the actual due date of the Notice of Appeal constitutes "neglect" under Pioneer. This clerical error was undoubtedly the result of "inadvertence" and/or "mistake." Id. However, to grant the Defendants an extension of time under Fed. R. App. P. (4)(a), her neglect must be "excusable." Indeed, the "excusable" portion of

2

"excusable neglect" provides the limitations necessary to prevent abuse by the parties. Pioneer at 395; Canfield v. Van Atta Buick/GMC Truck, 127 F.3d 248, 250 (2nd Cir. 1997).

The determination of whether neglect is "excusable" is an equitable one which takes into account all of the relevant circumstances surrounding the party's mistake. Pioneer at 395. The Supreme Court has observed that although "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer at 392. The five factors a court should consider in its determination are 1) the danger of prejudice to the non-moving party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay; 4) whether the delay was within the reasonable control of the moving party; and 5) whether the movant acted in good faith. Id.; Nafziger v. McDermott International, 2006 U.S. App. LEXIS 25982 (6th Cir. 2006). Importantly, at least two Courts of Appeal have held that these five factors do not carry equal weight and that the third - the reason for the delay- is the most important. Lowry v. McDonnell Douglas Corporation, 211 F.3d 457, 463(8th Cir. 2000); Graphic Communications International Union v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5 (1st Cir. 2001); Hospital Del Maestro v. National Labor Relations Board, 263 F.3d 173, 175 (1st Cir. 2001).

Here, at least three of the five factors weigh in favor of the moving party. Concerning the first, it seems unlikely that a decision to grant the extension would cause any prejudice to the non-moving party. As the Seventh Circuit has observed, there is "likely never to be harm in the Rule 4(a)(5) setting, because the neglectful appellant has only 30 days after the expiration of his time for appealing in which to request relief." Prizevoits v.Indiana Bell Tel. Co., 76 F.3d 132, 134 (7th Cir. 1996).

As to the second factor, a decision to grant the extension would not substantially delay the proceedings either. This court concurs with the Eighth Circuit, however, in doubting the

3

significance of this finding since a delay under Rule 4(a)(5) will likely always be minimal in that the Rule requires a motion be filed within thirty days of the last day for failing a timely notice of appeal. Lowry, 211 F.3d at 463.

And, the fifth factor as well weighs in favor of the movant. The fifth factor pertains to whether the movant acted in good faith. This Court has no doubt that Attorney Rowe's error was simply a human mistake. Indeed, there is no record evidence that she did not act in good faith.

However, it is third and fourth factors which weigh in favor of the non-moving party. The third factor, the reason for delay, is the factor which many courts consider to be the most important. Even under the relaxed standard of Pioneer, there still must be a satisfactory explanation for the late filing. Graphic Communications, 270 F. 3d at 5. Here, the only reason for the delay was Attorney Rowe's mistake as to the actual due date of the Notice of Appeal. Although understandable, the Court cannot accept it as satisfactory. And, indeed, this Court has not found, nor has the movant pointed it, to any court that has.[1] In fact, the Sixth Circuit, among others, has even refused to find neglect "excusable" where an attorney has been genuinely confused about the law, and not just the deadline. Nicholson v. City of Warren, 2006 U.S. App. LEXIS 26430 (6th Cir. 2006); Pincay v. Andrews, 351 F.3d 947 (9th Cir. 2003); Kyle v. Campbell Soup, 28 F.3d 928, 931-932 (9th Cir. 1994). Further, the Sixth Circuit has held post-Pioneer that the "excusable neglect" standard can only be met in extraordinary cases. Turner v. City of Taylor, 412 F. 3d 629, 650 (6th Cir. 2005).

Finally, the Court considers the fourth factor. The fourth factor concerns whether the delay was within the control of the moving party. Hear, clearly the delay was within the control of Attorney Rowe and the trial attorney. The error was due to an understandable miscommunication between the two, but Attorney Rowe could easily have determined the correct filing deadline and

---

[1] In fact, in two unpublished opinions, the Sixth Circuit Court of Appeals has refused to hold that an attorney's miscalculation of a deadline was "excusable." Burnley v. Bosch Ams. Corp., 75 Fed. Appx. 329 (6th Cir. 2003); Deym v. Von Fragstein, 1997 US App. LEXIS 28889 (6th Cir. 1997).

4

corrected the error by examining the court records.

Ultimately, after balancing the five equitable factors, this Court cannot hold that Attorney Rowe's mistake constitutes "excusable neglect." As the Eighth Circuit has observed, "were we to apply the excusable neglect standard to require that we deem [movant]'s neglect excusable in this case, it is hard to fathom the kind of neglect that we would **not** deem excusable." Lowry, 211 F. 3d 457, 463.

### III. Conclusion

The Court, upon Defendants' Motion for Extension of Time to File Notice of Appeal, now FINDS and hereby ORDERS that Defendants' Motion is **DENIED**.

cc: Counsel of Record